Submitted on remand from the Oregon Supreme Court July 3, (297 Or 457, 683 P2d 90), argued and submitted December 17, 1984, reversed and remanded October 2, 1985

# In the Matter of the Estate of
# Randolph Bert Demary, Deceased.

## WAYBRANT,
*Appellant.*

*v.*

## BERNSTEIN,
*Respondent.*

(77-3-25; CA A24324)

706 P2d 1002

Adelbert G. Clostermann, Portland, argued the cause and filed the brief for appellant.

James C. Tait, Oregon City, argued the cause for respondent. With him on the brief was Canning, Tait & McKenzie, P.C., Oregon City.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

The Supreme Court reversed our dismissal of plaintiff's appeal and remanded this case to us. *Waybrant v. Bernstein,* 294 Or 650, 661 P2d 931 (1983).[1] It stated the facts:

"The plaintiff's decedent was fatally injured in a one-car accident while riding as a passenger. The driver, Randolph DeMary, was also killed. For the purpose of prosecuting a wrongful death action against DeMary, the plaintiff petitioned the Clackamas County Circuit Court for an order opening DeMary's estate and appointing a personal representative. ORS 113.035. The defendant was appointed the DeMary estate's personal representative. The plaintiff's action against the defendant proceeded to trial. On May 20, 1980, however, the action was dismissed without prejudice. *See* ORCP 54.

"Subsequently, on August 5, 1980, a decree was issued which closed the DeMary estate and discharged the defendant as personal representative. This decree was not appealed, though it was appealable. ORS 116.113(4); *Lothstein v. Fitzpatrick,* 171 Or 648, 657, 138 P2d 919 (1943).

"On May 1, 1981, the plaintiff refiled his action against the DeMary estate. *See* ORS 12.220. The defendant moved to dismiss the complaint based on the probate order of August 5, 1980, that closed the estate and discharged him as personal representative. In October of 1981, in the case at bar, the plaintiff filed a motion denominated a 'Motion to Vacate Order Closing Estate' in an attempt to have the DeMary estate reopened contending that he had no notice that the defendant had moved to close the estate or that the decree had been entered. This motion was denied by an order dated March 22, 1982. The plaintiff filed a notice of appeal citing this order but the Court of Appeals ruled that it was nonappealable and *sua sponte* dismissed the appeal." 294 Or at 652. (Footnotes omitted.)

In remanding the case to us, the court stated that the issue is "whether the circuit court order [of March 22, 1982,]

---

[1] After the Supreme Court's opinion, we again dismissed the appeal on an unrelated ground. The Supreme Court reversed that dismissal and remanded the case in a memorandum decision. *Waybrant v. Bernstein,* 297 Or 457, 683 P2d 90 (1984). Defendant correctly argues that this action should be captioned "In the Matter of the Estate of Randolph Bert DeMary, Deceased." Because this action has been called *Waybrant v. Bernstein* throughout most of its tortured journey through the courts, we will use a combined caption and continue to denominate parties as "plaintiff" and "defendant."

that denied the plaintiff's motion[2] [of October, 1981,] to vacate [the August 5, 1980,] decree closing [the] estate and discharging the defendant as personal representative is an appealable order." 294 Or at 652.

The court stated that, as a general rule, " 'an order denying a motion to vacate an appealable order, judgment or decree is not appealable.' *Columbia Auto Works v. Yates,* 176 Or 295, 308, 156 P2d 561 (1945)," 294 Or at 654, and that an exception to the rule of non-appealability exists if the initial order, judgment or decree was void when issued. It stated that the order closing the estate would be void as to plaintiff if he could establish 1) that he was entitled to notice of the intended closing, 2) that he had no notice of defendant's motion to close the estate and 3) that his claim was not otherwise barred. 294 Or at 658-59.

Defendant argues that plaintiff is barred from attacking the order closing the estate by his failure to raise the "voidness" issue in the circuit court. Plaintiff adequately raised the issue below when he raised the issue of lack of notice.[3]

ORS 116.093 designates those persons to whom defendant had to give notice of closure:

"(1)   Upon filing the final account and petition for decree of distribution, the personal representative shall fix a time for filing objections thereto in a notice thereof. Not less than 20 days before the time fixed in the notice, the personal representative shall cause a copy of the notice to be mailed to:

"(a)   Each heir at his last-known address, if the decedent died intestate.

"(b)   Each devisee at his last-known address, if the decedent died testate.

"(c)   Each creditor who has not received payment in full and whose claim has not otherwise been barred.

---

[2] The motion was made in the probate department of the circuit court.

[3] On October 15, 1981, the circuit court dismissed plaintiff's tort action that he had filed in May, 1981. Defendant also argues that plaintiff's motion to vacate the closure order is a collateral attack on the October 15, 1981, judgment of dismissal of plaintiff's May, 1981, action. We disagree. Plaintiff's motion to vacate the closure order in probate court does not attack that judgment of dismissal.

"(d) Any other person known to the personal representative to have or to claim an interest in the estate being distributed."

Defendant argues that ORS 116.093(1)(d) covers "only persons such as heirs and legatees." We disagree. It refers to a class of persons who are *not* heirs or legatees. Moreover, it also refers to persons other than creditors whose claims are not otherwise time-barred, because they are specifically referred to in subsection (c). ORS 116.093(1)(d) required defendant to send notice to any person whom he knew claimed an interest in the estate being distributed. That included plaintiff.

■. "Claim" is defined in ORS 111.005 to include "liabilities of a decedent, whether arising in contract, tort, or otherwise." After May 20, 1980, and before August 5, 1980, plaintiff continued to have a "claim" against the decedent. Although the Supreme Court did not determine the applicability of ORS 116.093(1)(d), its opinion states that "[t]he implication of these provisions may be that the personal representative is obligated to provide the necessary notice to any person that he or she knows may have an unbarred tort claim against the estate." 294 Or at 657.[4] We now hold that the personal representative has such an obligation.

■ Here, defendant knew of plaintiff's interests in the estate. Defendant was appointed personal representative on plaintiff's motion just so that plaintiff could file a wrongful death action against him as personal representative of the estate. Defendant still held that office when the estate was closed. Although the court dismissed plaintiff's initial action against defendant on May 20, 1980, that dismissal was without prejudice. Defendant is held to know that plaintiff could refile the action within one year of the dismissal. ORS 12.220. After May 20, 1980, and before August 5, 1980, plaintiff still had a tort claim that was not time-barred.[5] Although plaintiff's action was not then pending against defendant, plaintiff continued on the facts here "to claim an interest" in the

---

[4] We do not need to decide what, if any, relationship exists between ORS 116.093(1)(d) and the definition of "interested person" in ORS 111.005(19).

[5] Defendant argues that plaintiff's claim is now time-barred because, as a result of the dismissal of October 15, 1981, plaintiff's action is not now pending and more than one year has passed since it was first dismissed in May, 1980. The issue is not now before us.

estate. If defendant had given him a 20-day notice of closure under ORS 116.093, plaintiff might have protected his interest and objected to closure of the estate or refiled his action. Even though plaintiff hoped to recover on his claim against the estate at least in part from decedent's liability insurance (not an asset of the estate), plaintiff's claim, nonetheless, was an "interest in the estate being distributed" within the meaning of ORS 116.093(1)(d). Accordingly, we hold that plaintiff was entitled to notice under ORS 116.093(1)(d).[6]

On the record here, plaintiff did not receive notice. Defendant argues that plaintiff did not prove that neither he nor his attorney knew of defendant's motion to close the estate. Defendant, however, was under a statutory duty to cause notice to be given to plaintiff. Accordingly, he had the burden to show that he had discharged that duty. Here, defendant offered no evidence that he gave any notice to plaintiff. Indeed, plaintiff offered evidence that he did not receive notice. Accordingly, the closure order was "void" as to plaintiff, and the order denying his motion to vacate that closure order is appealable. Because the closure order was void as to plaintiff, we hold that the court erred in denying the motion to vacate the closure order.[7]

Reversed and remanded with instructions to vacate the order closing the estate.

---

[6] We do not need to examine the question of whether he was also entitled to notice under ORS 116.093(1)(c).

[7] We follow the Supreme Court in construing plaintiff's motion to vacate as a petition under ORS 116.233. *See* 294 Or at 658.