Argued and submitted October 10, 1986, affirmed August 5, 1987

LAWVER et al,
*Appellants,*

*v.*

LAWVOR et al,
*Defendants,*

BEESLEY et al,
*Respondents.*

(85-198-CV; CA A38109)

740 P2d 1220

Philip H. Lowthian, Portland, argued the cause and filed the brief for appellants.

William Deatherage, Medford, argued the cause for respondent Beesley. On the brief were Garrison F. Turner, and Frohnmayer, Deatherage, deSchweinitz, Pratt & Jamieson, P.C., Medford.

John S. Stewart, Portland, argued the cause for respondent Safeco Insurance Co. of America. On the brief were Susan G. Whitney and Meyer, Seifer & Stewart, P.C., Portland.

J. Terrence Bittner, Portland, argued the cause for respondent United States Fidelity & Guaranty Co. With him on the brief was Bittner & Barker, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

This case is a companion to *Lawver v. Beesley,* 86 Or App 711, 740 P2d 1215 (1987), where we hold that the trial court should have granted plaintiffs' petition to reopen the estate of Lucille Lawver, in order to allow them to contest her will. Plaintiffs appeal judgments in this action that dismissed their complaint against Beesley, Safeco Insurance Company of America (Safeco), and United States Fidelity & Guaranty Co. (USF&G) ("defendants"), who were also respondents in the other action.[1]

Plaintiffs' complaint contains six claims. The first two are against Beesley only for declaratory relief; the third is for declaratory relief, although plaintiffs request no relief against defendants; the fourth is against Beesley and Safeco for damages for breach of fiduciary duty; the fifth is against USF&G for breach of fiduciary duty; and the sixth is against Beesley for conspiracy to commit fraud.[2] Each defendant moved to dismiss each separate claim for failure to state a claim, ORCP 21A(8), and in some instances on other grounds specified in ORCP 21A. The court granted motions to dismiss as to each defendant.[3] We find no error and affirm.

Plaintiffs' first claim against Beesley seeks a declaration that the wills of three *living* persons are invalid. Those persons are siblings of the deceased and wards under guardianships and conservatorships. The second claim against Beesley seeks a declaration as to the testamentary capacity of those persons. Neither claim states a justiciable controversy, and both were therefore properly dismissed. *See Tillamook Co. v. State Board of Forestry,* 302 Or 404, 730 P2d 1214 (1986).

Plaintiffs' third claim seeks an order removing persons other than defendants as guardians of the surviving wards, appointing another qualified guardian, removing the wards' conservator and appointing another person as conservator. The claim states no basis for relief against defendants.

---

[1] The judgments comply with ORCP 67B.

[2] Some of the claims also involve other parties in the action below who are not named as respondents in this appeal.

[3] The judgments of dismissal do not specify the particular subsections under ORCP 21 on which the court granted the resulting judgments of dismissal.

The fourth claim is that Beesley breached his fiduciary duty as personal representative, because he did not name plaintiffs in his petition for appointment, ORS 113.035, or give them the statutory notice that ORS 113.145 requires.[4] Plaintiffs allege that, as a result of Beesley's breaches of duty, they lost the opportunity to contest the will, that a contest would have been successful and that they suffered substantial damages, including amounts that they would have received as intestate shares of the estate. They also claim punitive damages and attorney fees.

ORS 116.213 provides:

"Upon the filing of receipts or other evidence satisfactory to the court that distribution has been made as ordered in the final decree, the court shall enter an order of discharge. The discharge so entered operates as a release of the personal representative from further duties and as a bar *to any action* against the personal representative and the surety of the personal representative. The court may, in its discretion and upon such terms as may be just, within one year after entry of the order of discharge, permit an action to be brought against the personal representative and the surety of the personal representative if the order of discharge was taken through fraud or misrepresentation of the personal representative or the surety of the personal representative or through the mistake, inadvertence, surprise or excusable neglect of the claimant." (Emphasis supplied.)

Plaintiffs do not allege expressly that the court entered an order of discharge as to Beesley in the companion case. We can infer that fact, however, from their pleading as a whole in considering whether their fourth claim states a claim against Beesley.[5] *See* ORCP 21A; *see also O'Gara v. Kaufman,* 81 Or

---

[4] ORS 113.145(3) provides:

"The failure of the personal representative to give information under this section is a breach of duty to the persons concerned, but does not affect the validity of appointment, duties or powers or the exercise of duties or powers."

[5] In their fourth claim, plaintiffs allege that, as a direct result of Beesley's breaches, they lost their opportunity to contest the will of the deceased and "to see to the proper administration of the estate of the deceased." They allege that the estate was "administered improperly and wrongfully" and that Beesley's breach of fiduciary duty damaged them in an amount measured by the net estate. In the sixth claim they allege that Curran received "some of the gross, and all of the net, proceeds of the estate of the deceased." In the third claim, plaintiffs allege that the "deceased ward's property was delivered into the hands of Curran" and that plaintiffs were denied their intestate shares. We can infer from these allegations that the estate has been closed.

App 499, 726 P2d 403 (1986).

Furthermore, when it granted defendants' motions under under ORCP 21, the court took notice of the proceedings in the probate court and, particularly, of orders of discharge as to Safeco and USF&G. The order that discharged Safeco also discharged Beesley. Plaintiffs do not assign as error that the trial court took that judicial notice. Furthermore, plaintiffs state in their brief here that a final account of the estate was filed, that the estate was distributed to Curran and closed and that the court entered orders of discharge of Safeco and USF&G.[6]

■ The order discharging Beesley operates to release him from further duties and bars any action against him, unless the court exercises its discretion to allow it under the circumstances provided in ORS 116.213. In plaintiffs' fourth claim against Beesley, therefore, they have to have alleged facts that show that "the order of discharge was taken through fraud or misrepresentation of the personal representative or his surety, or through the mistake, inadvertence, surprise or excusable neglect of [plaintiffs]."[7] Otherwise, the court had no basis to exercise discretion. The fourth claim is insufficient, because it lacks those allegations. ORCP 21A(8).[8]

The fourth claim as to Safeco merely asserts that "Safeco Insurance Co. of America is bound to plaintiffs for damages, costs and attorney fees" and, in a preceding paragraph, refers to "Beesley and his surety." It fails to state a claim against Safeco.

The fifth claim, against USF&G, is essentially the same as the fourth claim against Safeco. It also alleges

---

[6] In the companion case, *Lawver v. Beesley, supra,* the record shows that the estate was closed. The probate court discharged Beesley and Safeco as personal representative and surety by order dated February 12, 1982. The record also shows that Curran and Redden succeeded Beesley as co-personal representatives of the estate and that the court discharged them and USF&G, their surety, by order on October 21, 1982.

[7] Plaintiffs do not argue that ORS 116.213 is inapplicable because the order discharging Beesley and Safeco preceded the final decree.

[8] In light of ORS 113.145(3), *see* note 4, *supra,* the order of discharge is valid, although (1) Beesley may have breached his fiduciary duty under ORS 113.145, and (2) the court must allow the petition to reopen decedent's estate. *See Lawver v. Beesley, supra.*

damages for breach of fiduciary duty against Curran and Redden similar to the damages alleged against Beesley in the fourth claim.[9] It asserts that "United States Fidelity and Guaranty Company is bound to pay plaintiffs their damages, costs and attorney's fees" and in a preceding paragraph refers to "Curran and Redden and their surety." Plaintiffs' fifth claim fails to state a claim as to USF&G.

The sixth claim, against Beesley, alleges that he, Curran, Redden and defendants Brant and First Interstate Bank "conspired with and among each other to defraud plaintiffs, Alvin Lawvor and the three surviving wards of their common expectancies and entitlements under the laws of intestate succession." The "expectancies and entitlements" are shares in the estates of the deceased and of the three living wards. Plaintiffs list numerous "acts," of which "the conspiracy to defraud consisted and consists." Those acts allegedly resulted in plaintiffs' inability to contest the wills of the deceased and of the three living persons, thereby furthering the objects of the conspiracy.

An essential element of a civil conspiracy is a meeting of minds on the object or course of action. *Bonds v. Landers,* 279 Or 169, 174, 566 P2d 513 (1977). Plaintiffs merely plead in a vague and conclusory manner that the named persons "have conspired with and among each other" to achieve the allegedly fraudulent objectives. They do not plead any facts showing a meeting of minds or agreement among them on the alleged objects of the conspiracy, and we cannot infer it from the facts that plaintiffs do plead. The sixth claim for relief fails to state a claim against Beesley.[10]

Affirmed.

---

[9] Plaintiffs allege that Curran and Redden also breached their fiduciary duty as personal representatives of Lucille Lawver's estate, because they failed to give plaintiffs the statutory notice that ORS 113.145 requires, and that, as a result of that breach of fiduciary duty, plaintiffs lost their opportunity to contest the will and "lost their opportunity to see to the proper administration of the estate of the deceased."

[10] Plaintiffs have not been "deprived" of an opportunity to contest the wills of three living persons. As long as all of them are living, that opportunity does not exist. Plaintiffs' alleged damages from that loss are illusory.