Argued and submitted October 10, 1986, reversed and remanded August 5, Beesley's reconsideration and U.S. Fidelity's reconsideration denied September 25, both petitions for review denied October 20, 1987 (304 Or 279)

In the Matter of the Estate of
Lucille Lawver, Deceased.

LAWVER et al,
*Petitioners-Appellants,*

*v.*

BEESLEY et al,
*Respondents-Respondents,*

*and*

UNITED STATES FIDELITY
& GUARANTY COMPANY et al,
*Intervenors-Respondents.*

(81-130 P; CA A38108)

740 P2d 1215

Philip H. Lowthian, Portland, argued the cause and filed the briefs for appellants.

William Wolfson, Sacramento, California, argued the cause for respondents Curran and Redden. With him on the brief was Katherine Williams, Sacramento, California.

William V. Deatherage, Medford, argued the cause for respondent Beesley. With him on the brief were Garrison F. Turner and Frohnmayer, Deatherage, de Schweinitz, Pratt & Jamieson, P.C., Medford.

J. Terrence Bittner, Portland, argued the cause for respondent United States Fidelity & Guaranty Company. With him on the brief was Bittner & Barker, P.C., Portland.

John S. Stewart, Portland, argued the cause for respondent Safeco Insurance Company of America. With him on the brief was Meyer, Seifer & Stewart, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN J.

This case is a companion to *Lawver v. Lawvor,* 86 Or App 721, 740 P2d 1220 (1987). Petitioners appeal an order that denied their petition to reopen the estate of Lucille Lawver, decedent, ORS 116.233,[1] and, among other things, to vacate the decree of final distribution. *See* ORS 116.113(4).[2] We reverse and remand.

On December 16, 1981, decedent died, unmarried and childless, survived by four siblings. Petitioners are her three nephews, children of a predeceased brother. They would have inherited a share of the estate if decedent had died intestate. Respondent Beesley was the personal representative. Respondent Safeco Insurance Company of America (Safeco) was the surety on his bond. Respondent Curran, a surviving sister of decedent, and respondent Redden are the successor personal representatives. Respondent United States Fidelity & Guaranty Company (USF&G) was the surety on their bond.

Decedent's will named Curran as sole beneficiary and left nothing to petitioners. On December 23, 1981, Beesley petitioned for probate of the will and appointment of himself as personal representative. ORS 113.035.[3] Although Beesley

---

[1] ORS 116.233 provides:

"Upon the petition of any interested person, the court, with such notice as it may prescribe, may order the estate reopened if other property is discovered, if any necessary act remains unperformed or for any other proper cause appearing to the court. The court may reappoint the former personal representative, or appoint another personal representative, to administer any additional property or to perform such other acts as are considered necessary. The provisions of law as to original administration apply, in so far as applicable, to accomplish the purpose for which the estate is reopened, but a claim that already is adjudicated or barred may not be asserted in the reopened administration."

[2] ORS 116.113(4) provides:

"The decree of final distribution is a conclusive determination of the persons who are the successors in interest to the estate and of the extent and character of their interest therein, subject only to the right of appeal and the power of the court to vacate the decree."

[3] ORS 113.035 provides:

"Any interested person or executor named in the will may petition for the appointment of a personal representative and for the probate of a will. The petition shall include the following information, so far as known:

"(1) The name, age, domicile, post-office address, date and place of death, and social security account number or taxpayer identification number of the

knew the names and addresses of petitioners, the petition did not name them as heirs of decedent. On December 24, 1981, the court ordered that the will be admitted to probate and appointed Beesley as personal representative. Beesley did not provide information to devisees and heirs as required by ORS 113.145[4] and did not publish a notice to interested persons as

---

decedent.

   "(2) Whether the decedent died testate or intestate.

   "(3) The facts relied upon to establish venue.

   "(4) The name and post-office address of the person nominated as personal representative and the facts that show the person is qualified to act.

   "(5) The names, relationship to the decedent and post-office addresses of persons who are or would be the heirs of the decedent upon the death of the decedent intestate, and the ages of any who are minors.

   "(6) If the decedent died testate, the names and post-office addresses of the devisees, and the ages of any who are minors.

   "(7) Whether the original will of the decedent is in the possession of the court or accompanies the petition. If the original will is not in the possession of the court or accompanying the petition and an authenticated copy of the will probated in another jurisdiction does not accompany the petition, the petition shall also state the contents of the will and indicate that it is lost, destroyed or otherwise unavailable and that it was not revoked.

   "(8) A statement of the extent and nature of assets of the estate, to enable to court to set the amount of bond of the personal representative."

[4] ORS 113.145 provides, in part:

   "(1) Upon appointment a personal representative shall deliver or mail to the devisees and heirs named in the petition for appointment of a personal representative, at the addresses therein shown, information that shall include:

   "(a) The title of the court in which the estate proceeding is pending and the clerk's file number;

   "(b) The name of the decedent and the place and date of the death of the decedent;

   "(c) Whether or not a will of the decedent has been admitted to probate;

   "(d) The name and address of the personal representative and the attorney of the personal representative;

   "(e) The date of the appointment of the personal representative; and

   "(f) A statement advising the devisee or heir that the rights of the devisee or heir may be affected by the proceeding and that additional information may be obtained from the records of the court, the personal representative or the attorney for the personal representative.

      "* * * * *

   "(3) The failure of the personal representative to give information under this section is a breach of duty to the persons concerned, but does not affect the validity of appointment, duties or powers or the excercise of duties or powers."

required by ORS 113.155.[5] On February 12, 1982, he resigned to become a judge in Klamath County. On that date, the court discharged him as personal representative and exonerated him and Safeco on their bond.

On February 18, 1982, the court appointed Curran and Redden as successor co-personal representatives. They also did not provide information to devisees and heirs pursuant to ORS 113.145. Commencing March 14, 1982, however, they published a notice to interested persons pursuant to ORS 113.155. They did not, however, file an affidavit of publication, and the record does not disclose the content of the published notice. Subsequently, Curran and Redden filed a final account. On August 12, 1982, the court entered an order of distribution, and the personal representatives distributed the estate to Curran. On October 21, 1982, the court ordered the estate closed, discharged Curran and Redden as personal representatives and exonerated them and USF&G on the bond.

On October 10, 1984, petitioners asked the court to reopen the estate and to set aside the decree of final distribution to allow them to contest the will on grounds of lack of testamentary capacity, undue influence and fraud. The court

---

[5] ORS 113.155 provides, in part:

"(1) Upon appointment a personal representative shall cause a notice to interested persons to be published once in each of three consecutive weeks in:

"(a) A newspaper published in the county in which the estate proceeding is pending; or

"(b) If no newspaper is published in the county in which the estate proceeding is pending, a newspaper designated by the court.

"(2) The notice shall include:

"(a) The title of the court in which the estate proceeding is pending;

"(b) The name of the decedent;

"(c) The name of the personal representative and the address at which claims are to be presented;

"(d) A statement requiring all persons having claims against the estate to present them, within four months after the date of the first publication of the notice to the personal representative at the address designated in the notice for the presentation of claims or they may be barred;

"(e) The date of the first publication of the notice; and

"(f) A statement advising all persons whose rights may be affected by the proceeding that additional information may be obtained from the records of the court, the personal representative or the attorney for the personal representative."

denied the petition, because "more than one year has passed since the order closing the estate and discharging the personal representatives and * * * petitioners had actual knowledge of said estate during its pendency in which to challenge any proceeding therein including the contest of any will."[6]

Petitioners argue that the court erred when it denied their petition to reopen the estate. They assert that the decree of final distribution is void as to them. In *Waybrant v. Bernstein,* 75 Or App 550, 555, 706 P2d 1002 (1985), we stated:

"On the record here, plaintiff did not receive notice [as required by ORS 116.093 which provides for notice of the time for filing objections to the final account and to the petition for decree of final distribution.[7] Defendant argues that plaintiff

---

[6] The court's written opinion states, in part:

"[I]t is apparent that all three plaintiffs knew of or had sufficient information to alert them to the will long before the last date to have filed to re-open the estate. Taking even the latest dates for the parties having knowledge of the will and the probate proceedings, there was an ample amount of time to have filed to re-open the estate based on the allegation of fraud. Taking the earlier dates, the parties could have filed to contest the will while the estate was still open.

"Finality is one of the objectives which the probate code seeks to achieve. Those involved in probate matters have a right to rely on that finality. * * *. The plaintiffs in this matter argue that fairness dictates that the estate be re-opened to allow them to contest the will. Fairness also dictates that the sureties and the personal representatives can rely on the law and the finality of the probate proceedings.

"* * * [T]he estate was closed, a year passed and all the personal representatives and the sureties believed that no further activity could occur in regard to the estate. * * * The personal representatives and the sureties should be able to rely on the finality of the probate and the Oregon statute that says they have no more liability.

"* * * All three plaintiffs knew of Lucille's death. They also had some acquaintance with probate proceedings in that their father's estate had gone through probate. Albert saw the notice to interested persons. Edwin and Ben both knew of the will within a period when the estate was still open or at the latest when a motion could still have been made to reopen the estate. Even assuming that the personal representatives had sent out all the correct notices, they would not have provided any more information or opportunities then the plaintiffs actually had. When those factors are plugged into the equation the answer is that the estate should not be re-opened. The plaintiffs had sufficient information to challenge the will within the statutory time limitations. They did not act. It would not be equitable to open the estate now for a will challenge."

[7] ORS 116.093 provides, in part:

"(1) Upon filing the final account and petition for decree of distribution, the personal representative shall fix a time for filing objections thereto in a notice thereof. Not less than 20 days before the time fixed in the notice, the personal

did not prove that neither he nor his attorney knew of defendant's motion to close the estate. Defendant, however, was under a statutory duty to cause notice to be given to plaintiff. Accordingly, he had the burden to show that he had discharged that duty. Here, defendant offered no evidence that he gave any notice to plaintiff. Indeed, plaintiff offered evidence that he did not receive notice. Accordingly, the closure order was 'void' as to plaintiff, and the order denying his motion to vacate that closure order is appealable. Because the closure order was void as to plaintiff, we hold that the court erred in denying the motion to vacate the closure order." (Footnote omitted.)

■     Unlike *Waybrant*, the case before us does not involve a failure to give notice under ORS 116.093.[8] *Waybrant*, however, holds that notice under ORS 116.093 is necessary for the entry of a decree of final distribution as against a person entitled to that notice whose claim is not otherwise barred. Petitioners' assert that the notice under ORS 113.145[9] is also necessary to the entry of a valid decree of final distribution as against them.

■     A decree of final distribution "is a conclusive determination of the persons who are the successors in interest to

---

representative shall cause a copy of the notice to be mailed to:

"(a) Each heir at the last-known address of the heir, if the decedent died intestate.

"(b) Each devisee at the last-known address of the devisee, if the decedent died intestate.

"(c) Each creditor who has not received payment in full and whose claim has not otherwise been barred.

"(d) Any other person known to the personal representative to have or to claim an interest in the estate being distributed.

"(2) The notice need not be mailed to the personal representative.

"(3) Proof of mailing to those persons entitled to notice shall be made by affidavit and filed in the estate proceeding at or before approval of the final account."

[8] Petitioners' assertion that they were entitled to notice of the estate closure under ORS 116.093(1)(d), because they were "person[s] known to the personal representative to have or claim an interest in the estate," is without merit. They were heirs of decedent. ORS 116.093(1)(a) requires notice to heirs only if decedent died intestate. ORS 116.093(1)(d) "refers to persons who are not heirs or legatees * * * or creditors whose claims are not otherwise time barred." *Waybrant v. Bernstein, supra,* 75 Or App at 550.

[9] Use of the term "information," rather than the term "notice," in ORS 113.145 has no significance. Both ORS 113.145 and ORS 113.155 are notice provisions. *See* Mapp, *infra,* 49 Or L Rev at 362 n 53.

the estate." ORS 116.113(4). Unless there is a valid will, heirs have property rights in the estate of a decedent, *see* ORS 111.005(19), and are successors in interest to the estate. Their property rights and status will be affected by a will. In ORS 113.145, the legislature recognized that the heirs should be given notice of the probate of a will and an opportunity to contest it, because it would otherwise be unfair for a decree of final distribution to determine that the heirs are *not* the successors in interest. As the advisory committee comment states:

> "The committee believes that from the standpoint of due process alone the notice provision is sensible. In addition, since the proposed code gives the personal representative broad powers to operate without specific court approval, notice to interested persons seems desirable." Proposed Oregon Probate Code 121, § 129 (1968).

■    Moreover, we do not agree that ORS 113.145(3) cures the lack of notice to petitioners. It provides:

> "The failure of the personal representative to give information under this section is a breach of duty to the persons concerned, but does not affect the validity of appointment, duties or powers or the exercise of duties or powers."

The advisory committee's comment reads:

> "Opposition in the past to a notice requirement of this type has been based to some extent on a fear that technical failure to give notice to some party could be held a jurisdictional defect in the probate proceeding. The provision is, therefore, spelled out that failure to give the notice is not jurisdictional and does not affect the validity of the appointment or the powers or duties involved." Proposed Oregon Probate Code 121, § 120 (1968).

Under ORS 113.145(3), failure to give the notice that ORS 113.145 requires does not deprive the court of jurisdiction over the proceedings. Accordingly, the decree of final distribution is valid as to all persons who received that notice, subject only, as ORS 116.113(4) provides, to the right of appeal and the power of the court to vacate it. Those persons who did receive notice cannot challenge the decree on the ground that someone else did not. ORS 113.145(3), however, does not validate the decree of final distribution as to persons, such as petitioners, to whom the personal representative breached the statutory duty to provide notice. We hold that notice to an

heir under ORS 113.145 is a prerequisite to the court's entry of a valid decree of final distribution affecting that heir's rights.

■■ Although the requirements of ORS 113.145 were not met, respondents contend that they gave petitioners notice by publication under ORS 113.155. They further assert that, consistently with the trial court's finding, petitioners had actual notice of decedent's death and the existence of the will more than four months before the court entered the decree of final distribution. They argue, therefore, that petitioners received adequate notice of their right to contest the will and had an opportunity to do so.[10]

The policy of the probate code favors reasonable notice under the relevant circumstances. *See* ORS 111.215(1)(c). ORS chapter 113 provides for two means of notice to heirs. ORS 113.145 requires that the personal representative "deliver or mail" information to the heirs and devisees named in the petition for appointment. Heirs are required to be named in the petition, "so far as they are known" to the personal representative. ORS 113.035. ORS 113.155, on the other hand, provides for notice by publication to "interested persons," which includes, "heirs, devisees, children, spouses, creditors and others having property right or claim against the estate." ORS 111.005(19). ORS 113.145 is intended to provide notice to *known* heirs, while published notice under ORS 113.155 is intended to afford published notice to *unknown* heirs. *See* Mapp, "The 1969 Oregon Probate Code and Due Process," 49 Or L Rev 345 (1970). Because petitioners were *known* heirs, they should have received mailed or delivered notice under ORS 113.145.

Moreover, actual notice is not sufficient. In cases involving service of summons, the Supreme Court has stated that adequate notice requires that the *method* used be " 'reasonably calculated to * * * apprise the defendant * * * of the action.' " *Lake Oswego Review v. Steinkamp,* 298 Or 607, 614, 695 P2d 565 (1985)(quoting from ORCP 7D(1)). It is not

---

[10] ORS 113.075 provides:

"When a will has been admitted to probate, any interested person may, at any time within four months after the date of the filing of the affidavit under ORS 113.145 or four months after the first publication of notice to interested persons, whichever is later, contest the probate of the will or the validity of the will."

enough that the defendant actually received notice. *See Jordan v. Wiser,* 302 Or 50, 58, 726 P2d 365 (1986). Here, respondents were under a statutory duty to provide notice by a certain method and failed to do so. It is not enough that petitioners may have actually received notice of the facts which they were entitled to know. Accordingly, because petitioners have established that the personal representative was required to provide them with notice under ORS 113.145 and failed to do so, the decree of final distribution is void as to them. The court therefore erred in denying their motion to reopen the estate.[11]

Reversed and remanded.

---

[11] Although petitioners requested that we do so, we do not vacate the decree of final distribution, the orders discharging and exonerating the personal representatives and their sureties or earlier orders of the probate court. We do not know whether petitioners will successfully contest the will and need not decide what effect their doing so would have on "successors in interest to the estate," ORS 116.113(4), or what remedies might then be available to petitioners.