Argued and submitted February 10, affirmed March 26, petition for review denied June 24, 1997 (325 Or 438)

# So Liang HUANG,
*Appellant,*

*v.*

# William CLAUSSEN
## and William Claussen & Associates, P.C.,
## an Oregon professional corporation,
*Respondents.*

## (95C-12113; CA A92315)

936 P2d 394

Jonathan G. Basham argued the cause and filed the briefs for appellant.

J. Philip Parks argued the cause for respondents. With him on the brief were J. Marie Bischman and Parks, Bauer, Sime & Winkler.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

■ Plaintiff appeals from a judgment for defendants in a breach of contract action. ORS 19.010(1); ORS 19.020. The judgment was based on the trial court's order dismissing plaintiff's complaint[1] for failure to state ultimate facts sufficient to constitute a claim. ORCP 21 A(8). We review for errors of law, *Hansen v. Anderson*, 113 Or App 216, 218, 831 P2d 717 (1992), and affirm.

■ In considering the sufficiency of plaintiff's complaint, we accept as true all well-pleaded allegations and all reasonable inferences that may be drawn therefrom, *Stringer v. Car Data Systems, Inc.*, 314 Or 576, 584, 841 P2d 1183 (1992), *recon den* 315 Or 308, 844 P2d 905 (1993), but disregard any allegations that are conclusions of law, *Tydeman v. Flaherty*, 126 Or App 180, 182, 868 P2d 755 (1994). In his complaint, plaintiff alleges that he made $250,000 in unsecured loans to George Gurs. Plaintiff also alleges that sometime thereafter, Gurs filed for bankruptcy protection and hired defendants, attorneys, to represent him in the bankruptcy proceedings. Plaintiff further alleges that

> "[w]hen George Gurs hired defendants, he entered into a contract with defendants to reorganize George Gurs' assets and satisfy George Gurs' obligations to his unsecured creditors by filing and getting confirmed a chapter 11 plan of reorganization with the specific intent that defendants' performance under such contract would satisfy the debt George Gurs owed to his unsecured creditors, including plaintiff. George Gurs and defendants agreed that plaintiff was an intended beneficiary of the contract between George Gurs and defendants. As a result, plaintiff was a third party beneficiary of the contract between George Gurs and defendants."

Finally, plaintiff alleges that defendants breached that third-party beneficiary contract. Defendants moved to dismiss plaintiff's complaint for failure to state ultimate facts sufficient to constitute a claim. ORCP 21 A(8). The trial court

---

[1] Plaintiff filed an original complaint, which the trial court dismissed on defendants' first ORCP 21 A(8) motion. Plaintiff then filed a first amended complaint, which the trial court dismissed on defendants' second ORCP 21 A(8) motion. The first amended complaint is the subject of this appeal.

granted the motion and dismissed plaintiff's complaint with leave to amend. Plaintiff failed to replead, and the trial court entered a final judgment for defendants.

Plaintiff assigns error to the dismissal of his complaint. Plaintiff argues that his complaint

"alleges the following ultimate facts: 1) a breach of a contract between defendants and Mr. Gurs, in which 2) defendants' performance was intended to satisfy an actual duty of Mr. Gurs to plaintiff, and in which 3) plaintiff was the intended creditor beneficiary of such contract."

Defendants respond that "[i]n order for plaintiff to qualify as a third-party creditor beneficiary, there must be an intent by the parties to benefit the creditor," and that "the complaint contains mere conclusory allegations of an intent to benefit the plaintiff in a situation from which, as a matter of law, no such intent to benefit could exist."

■ For plaintiff to be a creditor beneficiary under Oregon law,

" 'the performance * * * by [the promisor] must be to "satisfy an actual or supposed or asserted duty of the promisee * * * to the [plaintiff].' " [However], *if the third party has paid no value and there is no intention to confer a contract right on that party, then the party is an incidental beneficiary who is not entitled to an action on the contract.* In those circumstances, 'the contract will not be interpreted to promise performance to the third-party stranger to the contract even though the stranger may incidentally benefit from the contract.' " *Sisters of St. Joseph v. Russell*, 318 Or 370, 375, 867 P2d 1377 (1994) (emphasis altered; citations omitted).

Because plaintiff claims to be a creditor beneficiary of the contract between defendants and Gurs, for which plaintiff has paid no value, plaintiff's complaint must state ultimate facts showing that defendants and Gurs intended to confer a contractual right on him. *See Suess Builders v. City of Beaverton*, 294 Or 254, 264, 656 P2d 306 (1982) (affirming dismissal of complaint under ORCP 21 A(8), because complaint failed to state facts regarding one element of claim for relief).

There are no magic words that plaintiff must recite to plead the intent to confer a contractual right. We have

held, however, that mere recitation of the elements of a particular claim for relief, without more, is not a statement of ultimate facts sufficient to constitute that claim for relief. For example, in *Lawver v. Lawvor*, 86 Or App 721, 726, 740 P2d 1220 (1987), the plaintiffs made a claim for civil conspiracy, an essential element of which is a meeting of the minds on the course of action to conspire. We affirmed the trial court's dismissal of the plaintiffs' complaint under ORCP 21 A(8), because the

> "[p]laintiffs merely plead in a vague and conclusory manner that the named persons 'have conspired with and among each other' to achieve the allegedly fraudulent objectives. They do not plead any facts showing a meeting of minds or agreement among them on the alleged objects of the conspiracy, and we cannot infer it from the facts that [the] plaintiffs do plead."

Similarly, in *Suess Builders*, 294 Or at 264, the Supreme Court affirmed the dismissal of the plaintiffs' complaint for conspiracy to deprive the plaintiffs of the equal protection of the laws, because

> "the insertion of the phrase 'with discriminatory animus' [in the plaintiffs' complaint] without more is not sufficient to allege an intended denial 'of the equal protection of the laws * * *.' A claim of denial of equal treatment, or 'discrimination,' necessarily requires a comparison with the rights, privileges, or immunities allegedly accorded someone else. Nothing in this complaint, even liberally construed, states or implies how the selection of [the] plaintiffs' land rather than some other land as a future park site resulted from a 'discriminatory animus,' * * *."

Recently, in *Mathews v. Federated Service Ins. Co.*, 122 Or App 124, 135, 857 P2d 852, *rev den* 318 Or 25 (1993) (quoting *Buchler v. Oregon Corrections Div.*, 316 Or 499, 511, 853 P2d 798 (1993)), we held that, with respect to an ORCP 21 A(8) motion, "an allegation that a defendant knew about a dangerous condition must be accompanied by 'claimed facts showing [the] defendant's knowledge of unreasonable risk of danger.'" *See also Clagget v. Dacy*, 47 Md App 23, 420 A2d 1285 (1980) (general, conclusory allegations of intent to benefit third party will not suffice in attorney-client third-party

context, because duties inherent in attorney-client relationship will not be presumed to flow to third parties and will not be presumed to arise by implication). Consequently, plaintiff must do more than allege in a vague and conclusory manner that defendants and Gurs intended to confer a contractual benefit on him.

Plaintiff's complaint, however, states no facts of any sort showing that defendants and Gurs had any such intent. Rather, it merely lists the elements required for a generic breach of third-party beneficiary contract claim. It neither attaches nor incorporates the alleged third-party beneficiary contract, while, standing alone, the adversary relationship between Gurs (the debtor) and plaintiff (the creditor) inherent in the bankruptcy proceedings precludes any reasonable inference of an intent between Gurs and defendants (the debtor's attorneys) to benefit plaintiff. Accordingly, regardless of whether a third-party beneficiary contract could be pled in these circumstances, plaintiff's complaint fails to do so.

The trial court did not err in granting defendants' motion to dismiss plaintiff's complaint pursuant to ORCP 21 A(8).

Affirmed.