Argued and submitted February 14, reversed with instructions November 5, 1997

Helen O. SILKETT,
dba V & H Distributors,
*Respondent,*

*v.*

ROYAL CROWN COLA BOTTLING CO.
OF NORTH BEND,
an Oregon corporation,
Dennis Mateski and Leslie A. Mateski,
*Appellants,*

*and*

GARY KELLEY INC.,
a California corporation,
and Gary F. Kelley,
*Defendants.*

(93-4951; CA A89669)

947 P2d 626

Marilyn M. Wall argued the cause for appellants. With her on the briefs was Wall & Wall, P.C.

Margaretta M. Eakin argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendants appeal from a judgment in favor of plaintiff on a claim for tortious interference with economic relations. They assign error to, *inter alia*, the trial court's denial of their motion to dismiss plaintiff's complaint for failure to state a claim.[1] We reverse and remand.

> "In considering the sufficiency of plaintiff's complaint, we accept as true all well-pleaded allegations and all reasonable inferences that may be drawn therefrom * * * but disregard any allegations that are conclusions of law[.]"

*Huang v. Claussen*, 147 Or App 330, 332, 936 P2d 394 (1997) (citations omitted). The facts as pleaded reveal the following. Plaintiff owned and operated a business that distributed RC soft drinks in southwest Oregon under a contract with defendant Royal Crown Cola Bottling Co. of North Bend (RC North Bend). In September 1993, plaintiff entered into a contract to sell her company to Gary Kelley. Soon thereafter, plaintiff introduced Kelley to defendants Dennis and Leslie Mateski, who are the officers and principals of RC North Bend. The Mateskis told Kelley that they planned to sell RC North Bend and that the new owners would not do business with plaintiff's company. On October 2, 1993, RC North Bend terminated its distribution contract with plaintiff's company. Sometime thereafter, Kelley told plaintiff that he would not complete the purchase of plaintiff's company. Plaintiff then brought this action, alleging that defendants tortiously interfered with her economic relationship with Kelley. Defendants moved to dismiss plaintiff's complaint on the ground, *inter alia*, that it failed to state a claim. The court denied the motion. The case ultimately was tried to a jury, which returned a verdict for plaintiff.

■        To state a claim for tortious interference with economic relations, plaintiff must allege facts that, if taken as true, establish: (1) the existence of a professional or business relationship; (2) intentional interference with that relationship; (3) by a third party; (4) accomplished through improper

---

[1] Defendants raise a number of issues on appeal. Because we conclude that the trial court erred in holding that the pleadings were sufficient to state a claim, we need not address defendants' other arguments.

means or for an improper purpose; (5) a causal effect between the interference and damage to the economic relationship; and (6) damages. *McGanty v. Staudenraus*, 321 Or 532, 535, 901 P2d 841 (1995). Defendants argue that plaintiff's complaint, while alleging interference with the proposed sale to Kelley, failed to allege ultimate facts showing that defendants acted with improper means or for an improper purpose.

■■ In order to prevail on her claim, plaintiff must plead and prove that defendants' interference was wrongful by some measure beyond the fact of the interference itself. *Top Service Body Shop v. Allstate Ins. Co.*, 283 Or 201, 209, 582 P2d 1365 (1978). Defendants argue, and we agree, that plaintiff failed so to plead. Plaintiff's allegation on that issue was that defendants had "acted with an improper motive, and/or used improper means to interfere with plaintiff's contract and/or economic expectation." That allegation is a mere recitation of an element of her claim for relief and is not a statement of ultimate facts on that element. *Huang*, 147 Or App at 334, and cases cited therein.

■ ■ Plaintiff argues, nevertheless, that evidence was admitted at trial from which the jury could find that defendants' representations to Kelley about the future of RC North Bend and plaintiff's contract were false and that defendants had terminated plaintiff's contract for malicious reasons, thus establishing the existence of both improper means and an improper motive. The admission of that evidence could make a difference if defendants had raised the pleading defect for the first time at trial or on appeal. Under that circumstance, and in the absence of a showing of surprise or prejudice, we would look at the entire record to determine whether the evidence disclosed the existence of a claim. *Boers v. Payline Systems, Inc.*, 141 Or App 238, 241-42, 918 P2d 432 (1996). Here, however, defendants complained well in advance of trial of the defect in the pleadings and, indeed, complained throughout the proceedings in the case.[2]

The trial process itself was infected by the defect, because defendants were not put on notice of what plaintiff

---

[2] In addition to motions to dismiss filed in response to plaintiff's complaints, defendants filed timely motions for summary judgment, judgment on the pleadings, directed verdict and JNOV, all of which cited the pleading defect.

intended to prove. Plaintiff's failure to plead facts showing improper motive or means left defendants without the information necessary to mount a proper defense. *See Schroeder v. Schaefer*, 258 Or 444, 465, 477 P2d 720, 483 P2d 818 (1971) (purpose of pleadings is to give notice of the issues to be litigated so that appropriate defenses can be prepared).

Plaintiff's failure also prevented the jury from properly evaluating her claim, because the jury did not know that plaintiff had to prove that the statements about plaintiff's contract were false or that defendant had terminated plaintiff's contract for malicious reasons. That is because plaintiff's complaint did not identify those actions as the improper means or motive that made defendants' alleged interference wrongful, so the jury did not have to find that defendants had taken those actions in order to find for plaintiff.[3]

Reversed with instructions to grant defendants' motion to dismiss for failure to state a claim, with leave to plaintiff to file an amended complaint.

---

[3] The jury instructions did not correct the problem. The uniform instruction on the tort of intentional interference with contract states that a plaintiff must prove that the "defendant acted with improper motive or by improper means *in one or more of the ways alleged in the plaintiff's complaint.*" UCJI 40.05 (emphasis supplied). That instruction works only if the plaintiff's complaint identifies the improper conduct. Here, plaintiff's complaint did not do that, so the court could not use the uniform instruction to instruct the jury on that element of the tort. The instructions that the court gave did not supply the missing element. Consequently, the instructions did not identify or define improper means or motive for the jury, which left it free to supply its own concept of improper conduct.