## WAGNER,
*Appellant,*

*v.*

## RYDER TRUCK LINES,
*Respondent.*

## (A8107-04426; CA A30017)

689 P2d 1030

Graham Walker, Portland, argued the cause and submitted the briefs for appellant.

John C. Laing, Jr., Portland, argued the cause for

respondent. With him on the brief was Day, Prohaska & Gregores, P.C., Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff appeals from the trial court's orders allowing defendant's motions to dismiss his third and fourth amended complaints and denying him the right to plead further and from the entry of judgment in favor of defendant. We reverse and remand.

Plaintiff brought this action for damages for an alleged breach of an exclusive truck brokerage contract.[1] The trial court dismissed his third and fourth amended complaints

---

[1] The allegations of plaintiff's fourth amended complaint include:

"III

"On or about February 13, 1979, Ryder and plaintiff entered into a contract in which the parties agreed that plaintiff would operate for Ryder in a portion of the State of Oregon an exclusive truck brokerage and freight brokerage business. The contract was to continue so long as plaintiff satisfactorily performed as defendant's exclusive agent in the Oregon contract area.

"IV

"More specifically, under the terms of this agreement, plaintiff was to arrange leases with independent truckers in the area so that Ryder Truck Lines would have the exclusive use of their trucks for hauling freight to and from the area assigned to plaintiff. In addition, as a further term, plaintiff was to solicit freight shipments for Ryder Truck Lines to augment other Ryder Truck Lines freight shipment orders to and from the area assigned to plaintiff. As a final term plaintiff was to arrange for and supervise all shipments of Ryder Truck Lines freight or the movement of any vehicles owned or leased by Ryder Truck Lines to and from this exclusive Oregon area.

"V

"Pursuant to said agreement plaintiff commenced to operate this business in the assigned area in Oregon on February 19, 1979, as defendant's exclusive agent with his gross income to be determined by a percentage of defendant's total freight receipts from freights to and from this exclusive area.

"VI

"Plaintiff performed all duties required by said contract from that date forward until he was forced out of business by Ryder Truck Lines on July 4, 1979.

"VII

"On that date Ryder breached its contract with plaintiff by opening a competing and similar brokerage firm in plaintiff's exclusive area and by directly shipping freight from customers whose freight, by agreement, should have been shipped through plaintiff's operation.

"VIII

"As a direct result of Ryder's competition, the plaintiff was unable to continue a profitable business operation in the Oregon territory assigned to him and sustained damages through loss of profit in the sum of $87,000 per year for five years, or the total sum of $435,000."

for failure to state ultimate facts sufficient to constitute a claim. ORCP 21A(8). Plaintiff contends that a prima facie case for breach of contract was alleged in both of the challenged complaints. Defendant counters that, even if a prima facie case were alleged, the dismissals nonetheless were proper because plaintiff in an earlier pleading had alleged a subsequent written agreement which the trial court found superseded any oral agreement and, considering the existence of that contract, plaintiff now cannot maintain a claim based on an alleged oral contract. *See Nicholson v. Hardwick,* 49 Or App 169, 175, 619 P2d 925 (1980).

■ Whatever merit there may be to defendant's theory, we conclude that a motion to dismiss for failure to state a claim was not at that juncture the appropriate way for defendant to challenge plaintiff's claim. Even though all pleadings are required to be a part of the record on appeal, ORS 19.005(3) and 19.074, a pleading loses its status as such when it is superseded by an amended one. *Klemgard et al v. Wade Seed Co.,* 217 Or 409, 414, 342 P2d 757 (1959). Although the superseded pleading subsequently may be introduced into the proceedings as an evidentiary admission of the pleader subject to explanation, *see Moore v. Drennan,* 269 Or 189, 523 P2d 1250 (1974), Oregon appellate courts have never suggested that superseded pleadings may be considered for purposes of determining whether a claim has been stated. *Cf. Moore v. West Lawn Mem'l Park,* 266 Or 244, 512 P2d 1344 (1973) (original is not superseded by amended complaint for purposes of showing when action was commenced or whether new cause of action was introduced).

■ We hold that a superseded complaint may not be read in conjunction with an amended complaint to serve as the foundation for a motion to dismiss for failure to state a claim; in deciding a motion on that basis, the court may look only to the facts alleged in the amended complaint.[2] On reviewing plaintiff's fourth amended complaint, we conclude that it sufficiently alleges a breach of contract claim. The trial court

---

[2] Although the trial court's basis for dismissal of plaintiff's third and fourth amended complaints for failure to state a claim is unclear from the record, both parties on appeal suggest it to be the court's prior ruling dismissing plaintiff's second amended complaint which alleged a subsequent written contract that failed to grant an exclusive agency. We have carefully examined the record and find no other basis for the trial court's ruling.

erred in granting defendant's motion to dismiss the complaint for failure to state a claim.

Reversed and remanded.