Argued and submitted April 14, reversed and remanded October 8, 1986

O'GARA,
*Appellant,*

*v.*

KAUFMAN et al,
*Respondents.*

(84-4438-J-2; CA A36295 (control))

O'GARA,
*Appellant,*

*v.*

KAUFMAN et al,
*Respondents.*

(84-4508-J-2; CA A36296)
(Cases consolidated)

726 P2d 403

Claud Ingram, Eugene, argued the cause for appellant. With him on the brief was Bick & Monte, P.C., Eugene.

Vicki Hopman Yates, Portland, argued the cause for respondent Kaufman. With her on the brief was Landis, Bailey & Mercer, P.C., Portland.

Ridgway K. Foley, Jr., Portland, argued the cause for respondents Ptacek and Sacks. With him on the brief were Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, and William E. Duhaime and Brophy, Wilson & Duhaime, Medford.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

This is a consolidated appeal of an action by Maureen O'Gara for medical malpractice and an action by her husband James O'Gara for loss of consortium.[1] The trial court granted motions by defendants Kaufman, Ptacek and Sacks to dismiss the complaint in both actions on the ground that the actions are time-barred under ORS 12.110(4). Judgments were entered in each action in favor of all those defendants pursuant to ORCP 67B. Plaintiff appeals, and we reverse. Because the action for loss of consortium depends on the viability of the action for malpractice, the issue on appeal affects each action identically. For simplification, we examine the pleadings in the malpractice action, and our reference to "plaintiff" is to Mrs. O'Gara.

The original complaint was filed on December 5, 1984.[2] Plaintiff alleged that in March, 1980, she saw Dr. Kaufman because of vaginal bleeding. In June, 1980, Kaufman performed a hysterectomy and found that plaintiff had multicystic tumors on both ovaries. After the surgery, and under the direction and supervision of defendants, plaintiff was treated with radiation between July 15, 1980, and August 30, 1980, and chemotherapy between September 1, 1980, and April 1, 1981. The treatment proved ineffective. On August 17, 1981, the tumors were successfully removed by surgery at the Oregon Health Sciences Center. In December, 1982, blood appeared in plaintiff's urine, and she was hospitalized on December 23, 1982, and discharged on December 26, 1982. She was hospitalized again in September, 1983, for further treatment and surgery.

Plaintiff alleged, in essence, that as a result of the radiation and chemotherapy she had suffered long-term damage to her vital organs. She alleged certain combined specifications of negligence, which included allegations that defendants were negligent in diagnosing and advising plaintiff that the tumors were inoperable and that radiation and

---

[1] During the pendency of this appeal, Maureen O'Gara died. On motion of her personal representative, we ordered that the action be continued by James O'Gara, personal representative of her estate. ORCP 34B.

[2] The complaint in the action for loss of consortium was filed on December 11, 1984.

chemotherapy were the only means of treating them. She alleged that defendants' negligence caused her injury, which was not discovered until she was hospitalized on December 23, 1982.

The trial court granted defendants' motions to dismiss the original complaint:

> "Plaintiff, in her complaint, alleges in substance that the defendants misdiagnosed and mistreated her condition. The plaintiff knew, or should have known, at the time of surgery in 1981 of sufficient facts, [from] which a reasonable factfinder can conclude, that the plaintiff's injuries were caused by the acts of the defendants. This was more than two years prior to the complaint."

Plaintiff's amended complaint contains substantially the same allegations as the original complaint, except that it does not allege the 1981 surgery. In addition, each defendant is charged separately with specific acts of negligence. It also omits the allegations that defendants were negligent in diagnosing and advising plaintiff that the tumors were inoperable and that radiation and chemotherapy were the only means of treatment. The amended complaint essentially alleges that defendants mistreated plaintiff with radiation and chemotherapy and failed to inform her of the side effects and risks associated with that treatment. Plaintiff realleges that the injury to her vital organs was not discovered until her hospitalization in December, 1982.

Defendants moved to dismiss the amended complaint, arguing, *inter alia,* that the allegations in the original complaint are judicial admissions which are binding on plaintiff. The trial court granted the motions, dismissed the amended complaint and entered the judgments appealed from.

It is necessary to review the ground rules for testing the motions to dismiss the amended complaint. On appeal, defendants' arguments are cast as though the allegations in the original complaint are germane to the consideration of the correctness of the dismissal of the amended complaint. Although all of the pleadings are part of the record on appeal, ORS 19.005(3) and ORS 19.074, "a pleading loses its status as such when it is superseded by an amended one." *Klemgard et al v. Wade Seed Co.,* 217 Or 409, 414, 342 P2d 757 (1959); *see also Mignot v. Parkhill,* 237 Or 450, 453, 391 P2d 755 (1964);

*Mumper v. Matthes,* 186 Or 357, 364, 206 P2d 86 (1949); *Condon Nat. Bank v. Rogers,* 60 Or 189, 191, 118 P 846 (1911). However, an original complaint is not superseded by an amended complaint for the purpose of showing when the action was commenced or whether a new cause of action was inserted by the amendment. *Moore v. Westlawn Mem'l Park,* 266 Or 244, 246, 512 P2d 1344 (1973); *Wagner v. Ryder Truck Lines,* 70 Or App 420, 423, 689 P2d 1030 (1984); *see also* ORCP 23C. An amended pleading "shall be complete in itself, without reference to the original or any preceding one." ORCP 23D.[3]

■     A motion to dismiss for the reason that "the pleading shows that the action has not been commenced within the time limited by statute," ORCP 21A(9), is limited to what appears on the face of the pleading. ORCP 21A. Accordingly, in considering the motions to dismiss, we look, not to the superseded original complaint, but only to the facts alleged in the amended complaint, and we assume that the well pleaded allegations are true.

■     ORS 12.110(4) provides, in part:

> "An action to recover damages for injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered."

It is clear from the allegations in the amended complaint that the allegedly negligent radiation and chemotherapy treatment took place between July 15, 1980, and August 1, 1981. Plaintiff commenced the action more than three and one-half years after the termination of the treatment. The question is when plaintiff discovered or should have discovered her injury within the meaning of ORS 12.110(4). *See Frohs v. Greene,* 253 Or 1, 6, 452 P2d 564 (1969); *Berry v. Branner,* 245 Or 307, 316, 412 P2d 996 (1966); *Duncan v. Augter,* 62 Or App 250, 255, 661 P2d 83, *rev den* 295 Or 122 (1983); *Hoffman v. Rockey,* 55 Or

---

[3] It is important to distinguish the foregoing rules from the rule, which existed before the abolition of the requirement that pleadings be verified, that superseded pleadings may be used as evidentiary admissions against the pleader. *See Yates v. Large,* 284 Or 217, 223, 585 P2d 697 (1978); *Anderson v. Portland Comm. College,* 37 Or App 817, 820, 588 P2d 128, *rev den* 285 Or 195 (1979).

App 658, 663, 639 P2d 1284, *rev den* 292 Or 722 (1982). We explained the discovery principle in *Duncan:*

"To start the running of the statute of limitations, a plaintiff need not have knowledge of facts that, if proved, would convince every reasonable factfinder that plaintiff should win. It is sufficient that a plaintiff have knowledge, actual or implied, of facts that, if proved, will at least raise an issue of fact on each element of the claim. Therefore, a plaintiff has discovered a cause of action and ORS 12.110(4) begins to run when he knows, or should know through diligent inquiry, facts from which a reasonable factfinder could conclude that the plaintiff's injury was caused by an act of the defendant that was somehow negligent." 62 Or App at 255.

Plaintiff alleges that her injury "did not manifest itself and was unknown to her until she was hospitalized on December 23, 1982," which is less than two years before the filing of the complaint on December 5, 1984. There are no allegations from which it can be inferred that plaintiff had knowledge before her hospitalization of symptoms that would or should have put her on notice, as a matter of law, of defendants' alleged negligence. Alleging that the injury "did not manifest itself" until December 23, 1982, can be understood to mean that, in the exercise of reasonable diligence, the injury was not discoverable until that time. On the basis of the allegations in the amended complaint, we cannot say that, as a matter of law, the Statute of Limitations has run.

Reversed and remanded.