Argued and submitted March 13, resubmitted In Banc September 9, affirmed in part, reversed in part and remanded December 9, 1987

DRYDEN,
*Appellant,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION et al,
*Respondents.*

(85-1807; CA A38520)

746 P2d 240

James L. Edmunson, Eugene, argued the cause for appellant. With him on the briefs was Malagon & Moore, Eugene.

Michael C. McClinton, Salem, argued the cause for

respondents. With him on the brief was Clark, Marsh, Lindauer & McClinton, Salem.

WARDEN, J.

## WARDEN, J.

Plaintiff seeks damages arising from alleged acts of defendant Gordon. She claims that Gordon, as an employe of defendant State Accident Insurance Fund Corporation (SAIF), and while acting in the course and scope of his employment, negligently struck her with an automobile. Her second claim, in the alternative, alleges that Gordon intentionally struck her with the automobile.[1] The trial court granted defendants' motion to dismiss the first claim, because compliance with the notice requirements of the Oregon Tort Claims Act (OTCA), ORS 30.260 to ORS 30.300, was not alleged. The court also granted defendants' motion to strike plaintiff's claim for punitive damages, because punitive damages are not recoverable under OTCA.[2] Plaintiff appeals.

■ Plaintiff first argues that SAIF is not a "public body" within the meaning of OTCA and that, therefore, notice to SAIF under ORS 30.275[3] was not required. We disagree. The legislature, by enacting Or Laws 1979, ch 829, § 2 (now ORS 656.751), created SAIF "as an independent *public corporation.*" (Emphasis supplied.) "Public body" is defined for the purposes of OTCA as

> "the state and any department, agency, board or commission of the state, any city, county, school district or other political subdivision or municipal or *public corporation* and any instrumentality thereof." ORS 30.260(4). (Emphasis supplied.)

It is patent that SAIF, a public corporation created by statute, falls squarely within the definition of "public body" in

---

[1] The second claim makes no allegations concerning SAIF and is against Gordon only. Plaintiff seeks punitive damages in the second claim only.

[2] The judgment entered by the trial court dismissed only plaintiff's first claim for relief and struck the punitive damages claim from the second. The judgment complies with ORCP 67B.

[3] ORS 30.275 provides, in pertinent part:

"(1) No action arising from any act or omission of a public body or an officer, employe or agent of a public body within the scope of [OTCA] shall be maintained unless notice of claim is given as required by this section.

"(2) Notice of claim shall be given * * *.

"* * * * *

"(b) For [claims other than wrongful death], within 180 days after the alleged loss or injury."

OTCA. Plaintiff, however, argues that SAIF's "unique status" as an *independent* public corporation precludes it from classification as a "public body" under OTCA. Certain distinctions may be drawn between SAIF and other governmental entities that are "public bodies" under OTCA, *see* ORS 656.753, but none of those distinctions is relevant, because SAIF is operated as a public corporation.

The Oregon Supreme Court, in holding that the statute that created SAIF does not contravene Article XI, section 2, of the Oregon Constitution, said that SAIF

"does not have the questionable characteristics of mixed private and governmental investment or management. It has no stockholders, and its board of directors is appointed by the governor, subject to confirmation by the Senate, and serves at the governor's pleasure. ORS 656.751. It meets the test of 'public' rather than 'private' corporation stated in *Cook v. The Port of Portland,* [20 Or 580, 27 P 263 (1891)] * * *. SAIF * * * [has] exclusively governmental management and [an] absence of private investment or objective to operate for private profit * * *." *State ex rel Eckles v. Wooley,* 302 Or 37, 49, 726 P2d 918 (1986).

SAIF is also subject to government control in that its board of directors must file an annual report with the legislature and the Governor covering its activities and operations. ORS 656.751(8). It is also subject to the Public Meetings Law, *see Frohnmayer v. SAIF,* 294 Or 570, 581 n 7, 660 P2d 1061 (1983); it must request authorization from the Attorney General before employing independent counsel, *Frohnmayer v. SAIF, supra,* 294 Or at 587; and its employees are subject to the Government Ethics Law. *See Davision v. Oregon Government Ethics Comm.,* 300 Or 415, 712 P2d 87 (1985).

We agree with the Attorney General, who, when confronted with precisely the same issue stated:

"Regardless of what other distinctions, if any, may be drawn between [SAIF] and other state agencies, [SAIF] is clearly *at least* a 'public corporation' under [ORS 30.260(4)] and thus a public body within the meaning of [OTCA]. It is not merely organized under but created by law, and its organization and functions are not merely authorized but prescribed by law.

"SAIF may or may not be a 'state agency' for purposes of

other statutes, but it is subject to the obligations and protections of [OTCA]." 40 Op Atty Gen 344 (1980). (Emphasis in original.)

The trial court did not err in dismissing plaintiff's first claim, because compliance with the notice requirements of ORS 30.275 was not alleged. *See Urban Renewal Agency v. Lackey,* 275 Or 35, 40, 549 P2d 657 (1976); *Georgeson v. State of Oregon,* 75 Or App 213, 706 P2d 570, *rev den* 300 Or 332 (1985).[4]

■ Plaintiff next contends that the trial court erred in granting defendants' motion to strike her claim for punitive damages. We agree. As noted, *see* n 1, *supra,* plaintiff seeks punitive damages in her second claim for relief only. That claim is against Gordon personally and makes no allegations concerning SAIF. Because the claim alleges an intentional tort, outside OTCA,[5] the trial court erred in striking the punitive damages claim.

Affirmed as to dismissal of plaintiff's first claim for relief; reversed as to striking punitive damages from plaintiff's second claim for relief; and remanded.

---

[4] We also find it significant that the legislature did not exempt SAIF from OTCA, as it did from other statutes. ORS 656.753.

[5] ORS 30.270(2) provides that no punitive damages shall be awarded on a claim brought under OTCA against a public body or its officers, employes and agents.