# DOTSON,
*Appellant,*

*v.*

# SMITH,
*Defendant,*

*and*

# KROUGH,
*Respondent.*

## (16 85 07097; CA A43518)

755 P2d 728

Patrick R. Rothwell, Portland, argued the cause for appellant. With him on the briefs was Hallmark, Griffith & Keating, P.C. Portland.

David B. Gray, Portland, argued the cause for respondent. On the brief were Thomas K. Thorpe and Thorpe & Swenson, Portland.

WARREN, J.

Van Hoomissen, J., dissenting.

## WARREN, J.

Plaintiff appeals an ORCP 67B judgment granting defendant Krough's motion to dismiss on the ground that the statute of limitations had expired. At issue is whether the limitations period for personal injury is tolled by ORS 12.155. We affirm.

Plaintiff hired defendant Smith, an attorney, to represent her in a negligence action against Krough. The claim arose from an automobile collision on August 19, 1981. The action against Krough was filed on August 17, 1983, within the two-year period prescribed by ORS 12.110(1).[1] The trial court granted plaintiff a continuance on the conditions that discovery be completed and a certificate of readiness filed by September 1, 1984. The case was dismissed on September 5, 1984, for failure to file a certificate of readiness.

In this action, which was filed on August 22, 1985, plaintiff's original complaint named only Smith as a defendant and alleged legal malpractice. Plaintiff filed an amended complaint on November 26, 1985. She realleged the claim against Smith and added a negligence claim against Krough for injuries sustained in the August, 1981, accident.[2] The claim against Krough alleged that the limitations period was tolled pursuant to ORS 12.155,[3] because Krough's insurance com-

---

[1] ORS 12.110(1) provides:

"An action for * * * any injury to the person * * * shall be commenced within two years * * *."

[2] This appeal relates only to the claim against defendant Krough.

[3] ORS 12.155 provides:

"(1) If the person who makes an advance payment referred to in ORS 18.520 or 18.530 gives to each person entitled to recover damages for the death, injury or destruction, not later than 30 days after the date the first of such advance payments was made, written notice of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. The notice required by this subsection shall be in such form as the Director of the Department of Insurance and Finance prescribes.

"(2) If the notice required by subsection (1) of this section is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations is not part of the period limited for commencement of the action by the statute of limitations."

pany had made an advance payment but had failed to give her written notice of the expiration date of the statute of limitations.[4] The facts relating to plaintiff's 1983 negligence action and the subsequent dismissal are set out only in the claim for malpractice against Smith, along with the attached exhibits, and not in the claim against Krough.[5]

Plaintiff contends that on a motion to dismiss we are confined to the facts alleged on the face of the claim for negligence against Krough and that, so confined, her complaint shows that her action was not time-barred.

In determining whether or not to grant a motion to dismiss based on the expiration of the Statute of Limitations, ORCP 21(A)(9), we are limited to what appears on the face of the pleading. *O'Gara v. Kaufman,* 81 Or App 499, 503, 726 P2d 403 (1986). In her claim against Krough, plaintiff alleges that the date of the collision was August 19, 1981. The amended complaint was filed on November 26, 1985. On the face of the complaint, the two-year period had expired were it not for the allegation that the period was tolled by ORS 12.155.[6]

To survive a motion to dismiss "[w]hen a complaint

---

[4] ORS 18.500 defines "advance payment":

"As used in ORS 12.155 and 18.500 to 18.530, 'advance payment' means compensation for the injury or death of a person or the injury or destruction of property prior to the determination of legal liability therefor."

[5] Exhibit A is plaintiff's 1983 complaint against Krough; Exhibit B is the trial court's May 30, 1984, order granting plaintiff's motion for continuance, conditioned on completion of discovery and filing a certificate of readiness; Exhibit C is the trial court's September, 1984, order dismissing plaintiff's case for failure to file the certificate of readiness.

[6] To avoid the bar imposed by the running of the limitation period, plaintiff pleads in her amended complaint:

"Defendant Krough's insurance company, the Northwest Insurance Company, paid plaintiff $473.55 for property damage. The insurance company failed to give plaintiff written notice of the expiration of the statute of limitations. The statute has tolled pursuant to ORS 12.155."

Plaintiff's allegation does not state the date on which the insurance company made the payment; neither do the parties address this issue in their briefs so that this court can infer that the date of payment was before August 19, 1983, the final date allowable under the limitations period. Under ORS 12.155, an insurer has a duty to give notice of the expiration date of the period of limitation only if an advance payment was made before expiration of the two-year period. *See Anais v. Dias,* 70 Or App 478, 481 n 1, 689 P2d 1011 (1984), *rev den* 298 Or 704 (1985). If defendant's insurer made an advance payment after August 19, 1983, there would have been no duty to give notice of the already expired limitation period.

shows on its face that the period for bringing an action has run, the plaintiff, to avoid the bar, must plead facts sufficient to show that the delay is excused." *Eldridge v. Eastmoreland General Hospital,* 88 Or App 547, 550, 746 P2d 735 (1987). Contrary to plaintiff's argument, we conclude that in reviewing the sufficiency of her tolling allegations our review is not confined to the claim against Krough only and that we may consider the facts alleged in the claim against Smith. *See Lawver v. Lawvor,* 86 Or App 721, 740 P2d 1220 (1987).

Although parties are free to assert separate, alternative and inconsistent claims, ORCP 16C, we are not foreclosed from viewing claims which are both interdependent and factually consistent when alleged in a single complaint. A contrary construction of ORCP 16C would not lead to a "just, speedy and inexpensive determination" of this action. ORCP 1B.

We were presented with a different situation in *Dryden v. SAIF,* 88 Or App 542, 746 P2d 240 (1987). There, plaintiff alleged two claims. She first alleged that Gordon was an employe of SAIF and that SAIF was liable for Gordon's negligence. The second claim was for intentional injury with the plaintiff seeking compensatory and punitive damages against Gordon only. The latter claim did not contain an allegation that Gordon was an employe of SAIF. Under ORS 30.270(2), Gordon could not be held liable for punitive damages if he was acting as an employe of SAIF. We affirmed the trial court's dismissal of the claim against SAIF, because satisfaction of the notice requirements of the Oregon Tort Claims Act was not alleged. We reversed the trial court's granting of a motion to strike plaintiff's claim for punitive damages against Gordon. We were precluded by ORCP 16C from considering plaintiff's inconsistent factual assertion that Gordon was SAIF's employe which was alleged in the claim against SAIF. *See Dryden v. SAIF, supra,* 88 Or App at 544, 546.

In this case, unlike in *Dryden,* plaintiff's claims for personal injury and legal malpractice are factually consistent, so there is no need to limit our review of the pleadings to the claim against Krough under ORCP 16C. In the claim against Smith, plaintiff alleges that she commenced her action against Krough in August, 1983, and that there was a subsequent

dismissal in September, 1984, over a year later, for failure to complete discovery and to file a certificate of readiness. Although the insurer had failed to give plaintiff the required notice of the date on which the Statute of Limitations period would expire, she commenced her action against Krough before it expired.

The purpose of the notice provision of ORS 12.155 is to "protect a person from being 'lulled' into falsely believing there is no limitation on when he can commence an action * * *." *Duncan v. Dubin,* 276 Or 631, 637, 556 P2d 105 (1976). Plaintiff was not lulled into any such false belief, and she timely commenced her action.[7] The statute is intended to help those who fail to file on time because they are misled, not those who timely file and lose their claims for other reasons. Plaintiff has failed to allege sufficient facts to toll the Statute of Limitations.

Affirmed.

**VAN HOOMISSEN, J.,** dissenting.

I would hold that an ORCP 21A(9) motion to dismiss tests each claim in a complaint separately. Therefore, I respectfully dissent.

The rules of civil procedure allow plaintiffs to join claims against a number of parties and to assert alternative and even inconsistent claims. ORCP 24A; ORCP 16C. The majority holds that the trial court could look to plaintiff's claim against her former attorney to ascertain the facts in considering a motion to dismiss her claim against the other party. The majority's holding penalizes plaintiff for joining claims that are not strictly factually inconsistent, but which require allegations of facts in one claim that are not required to plead the other claim.[1]

---

[7] Plaintiff relies on *Duncan v. Dubin, supra,* and *Anais v. Dias, supra,* n 6, for the proposition that the tolling provision applies even if a plaintiff has retained a lawyer and filed the action prior to the expiration of the Statute of Limitations. In both the complaints were filed within the limitations period, but not "commenced" by effecting service on defendant within 60 days. *See* ORS 12.020. In this case, the action against Krough was "commenced" before the limitation expired.

[1] ORCP 16C and ORCP 24A allow the pleading of alternative and inconsistent claims. It is inappropriate to create a disincentive to joinder of claims that may be factually consistent.

ORCP 21A permits certain defenses to be made by motion to dismiss. It begins by prescribing how a pleader is to assert a "defense, in law or fact, *to a claim for relief.*" (Emphasis supplied.) That wording suggests that each "claim for relief" must be considered to be separate for the purpose of analysis under the rule. Further, the court may consider facts that "do not appear on the face of the pleading and matters outside the pleading" only on motions asserting defenses (1) through (7). Here, the motion asserts defense (9). Read as a whole, ORCP 21A means that each "claim for relief" is, in effect, a separate "pleading" when considering a motion under ORCP 21A(9).

The majority cites no authority for its holding. It attempts to distinguish the result in *Dryden v. SAIF,* 88 Or App 542, 746 P2d 240 (1987), by narrowing the application of its present holding to claims that are not factually inconsistent. However, in *Dryden,* the fact which we refused to pull from the allegations in the first claim to defeat the second claim was not inconsistent with plaintiff's second claim. The fact that the individual defendant in *Dryden* was employed by SAIF did not contradict any fact alleged in the second claim. The inconsistencies in both cases are in the legal theories, not in the facts.

In *Dryden,* the plaintiff's first claim alleged a negligent act performed by an employe of SAIF, for which SAIF could be legally liable. The second claim asserted that the individual defendant had acted intentionally, did not mention that SAIF was his employer and asked for punitive damages. The trial court granted the defendant's motion to strike the claim for punitive damages on the basis that punitive damages are unavailable under the Oregon Tort Claims Act (OTCA). We held that to be error, because the second claim did not make any allegation concerning SAIF, the only defendant protected by OTCA.[2]

---

[2] *Dryden* analyzed the two claims separately, and the majority's argument that they were treated separately because of inconsistent facts is unsupported in the *Dryden* opinion. Moreover, there is no principled basis under ORCP 21A(9) to distinguish between claims that are factually inconsistent and claims that are legally, but not factually, inconsistent. The majority states that the two claims here are "interdependent," but the claim under consideration does not, and need not, incorporate the other by reference.

Similarly, in this case, plaintiff has alleged in her first claim the date of the accident which is the subject of her action and the date when her first action against Krough was filed. The second claim does not mention those dates. In both *Dryden* and this case, we are asked to look to the first claim for facts additional to, not facts inconsistent with, those in the second claim. In each case there exists legal inconsistency between the two claims asserted. In *Dryden*, we held that a fact alleged in the first claim could not defeat the legal theory of the second. That holding is equally applicable here.[3]

The majority also relies on *Lawver v. Lawvor*, 86 Or App 721, 724, 740 P2d 1220 (1987), for the proposition that a fact not "expressly" alleged in one claim could be inferred from the "pleading as a whole." *Lawver* is distinguishable, however. First, it is not clear why the fact in question was inferred; the opinion did not discuss the present issue. Second, the fact inferred was subject to judicial notice, an independent source of the same information, and the judicial notice had not been assigned as error. 86 Or App at 725. Morever, *Lawver* is inconsistent with the more recent decision in *Dryden v. SAIF, supra.*

We should not rush to allow the complaint to be defeated by scanning one separate claim to pass on the sufficiency of the other. The "just, speedy and inexpensive determination" of this action could be as well served by the assertion of the time bar in an affirmative defense. ORCP 1B; ORCP 21A.[4] I would reverse and remand.

Richardson, Warden and Graber, JJ., join in this dissent.

---

[3] *Wagner v. Ryder Truck Lines,* 70 Or App 420, 423, 689 P2d 1030 (1984), also supports this dissent by analogy. We held that "a superseded complaint may not be read in conjunction with an amended complaint to serve as the foundation for a motion to dismiss for failure to state a claim * * *." *Wagner* suggests that it is not proper to use a fact alleged in one pleading as a conclusive judicial admission against another pleading. *Accord O'Gara v. Kaufman,* 81 Or App 499, 503 n 3, 726 P2d 403 (1986).

[4] In essence, what the trial court did is to convert a motion under ORCP 21A(9) into a summary judgment motion, by considering facts other than those stated in the claim at issue. That route is tempting, because it appears that summary judgment is inevitable. However, the majority incorrectly interprets ORCP 21A(9); a trial court may not grant summary judgment *sua sponte. Industrial Underwriters v. JKS, Inc.,* 90 Or App 189, 190, 750 P2d 1216 (1988).