Argued and submitted May 20, 1988, appeal dismissed as to defendant Hainline and Pope, P. C., in CA A46098; judgment reversed as to appellant Nyberg in CA A43857 and in CA A53858 and remanded; otherwise affirmed February 8, 1989

RIDDLE,
*Appellant,*

*v.*

EUGENE LODGE NO. 357
OF THE BENEVOLENT AND PROTECTIVE
ORDER OF ELKS
OF THE UNITED STATES OF AMERICA et al,
*Respondents.*

RIDDLE,
*Respondent,*

*v.*

EUGENE LODGE NO. 357
OF THE BENEVOLENT AND PROTECTIVE
ORDER OF ELKS
OF THE UNITED STATES OF AMERICA et al,
*Defendants,*

NYBERG,
*Appellant.*

(16-85-09583; CA A43857 (Control))

ORTON,
*Appellant,*

*v.*

EUGENE LODGE NO. 357
OF THE BENEVOLENT AND PROTECTIVE
ORDER OF ELKS
OF THE UNITED STATES OF AMERICA et al,
*Respondents.*

ORTON,
*Respondent,*

*v.*

EUGENE LODGE NO. 357
OF THE BENEVOLENT AND PROTECTIVE
ORDER OF ELKS
OF THE UNITED STATES OF AMERICA et al,
*Defendants,*

NYBERG,
*Appellant.*

(16-85-09466; CA A43858)

JENSEN,
*Appellant,*

*v.*

EUGENE LODGE NO. 357
OF THE BENEVOLENT AND PROTECTIVE
ORDER OF ELKS
OF THE UNITED STATES OF AMERICA et al,
*Respondents,*

BENEVOLENT AND PROTECTIVE
ORDER OF ELKS
OF THE UNITED STATES OF AMERICA et al,
*Third-Party Plaintiffs,*

*v.*

JENSEN et al,
*Third-Party Defendants.*

(16-86-06929; CA A46098)
(Cases Consolidated)

768 P2d 917

Bernie M. Ryan and Ridgway K. Foley, Jr., Portland, argued the cause for appellant Earl Nyberg. On the brief were Cecilia Lee, Donald Joe Willis and Schwabe, Williamson & Wyatt, Portland.

Claud A. Ingram, Eugene, argued the cause for appellant and respondent Alvis L. Orton and appellant and respondent Jerry M. Riddle. With him on the brief was Bick & Monte, Eugene.

Diane W. Spies, Portland, filed the brief for respondents Eugene Lodge No. 357 of the Benevolent and Protective Order of Elks of the United States of America, a corporation, John Feuerbach, William Coons, Terry Brandt, John Hulsey, James Tapp, Nathan Rubenstein, Lawrence Minturn, George Dobson, Ted Hurd, Glen Hirschey, Arthur Nance, Steven Van Nuys, personal representative of the Estate of W. Van Nuys, Wally Grove, John Nelson, Roger Cleland, James Horton, Clyde Pierce, John Reiley, Richard Heyman and Lee Smoot. With her on the brief were Diane W. Spies & Associates, Ridgway K. Foley, Jr., Donald Joe Willis, Bernie M. Ryan and Schwabe, Williamson & Wyatt, Portland.

Bernie M. Ryan and Ridgway K. Foley, Jr., argued the

cause for respondents Grand Lodge, Benevolent and Protective Order of Elks of the United States of America, a corporation, Earl Nyberg, Jackson Link and Sidney Nicholson. With them on the brief were Donald Joe Willis, Schwabe, Williamson & Wyatt, Diane W. Spies and Diane W. Spies & Associates, Portland.

Before Warren, Presiding Judge, and Deits and Riggs, Judges.

RIGGS, J.

**RIGGS, J.**

These consolidated appeals[1] arise from losses allegedly sustained by plaintiffs Orton, Riddle and Jensen in gambling games operated on the premises of the Eugene Lodge of the Benevolent and Protective Order of Elks (Lodge). Orton and Riddle alleged claims for gambling losses, and all plaintiffs alleged violations of the Oregon Racketeer Influence and Corrupt Organization Act (ORICO). ORS 166.715 *et seq.* The trial court struck the unlawful gambling claims that arose more than three years before the filing of the complaint and granted defendants' motions to dismiss plaintiffs' ORICO claims. It also denied defendant Nyberg's motion to amend his pleading to claim attorney fees under ORS 20.105. Plaintiffs and Nyberg appeal. We affirm in part and reverse in part.

We turn first to a procedural matter. ORS 19.033(2)(a) provides:

> "*The following requirements* of ORS 19.023, 19.026 and 19.029 *are jurisdictional* and may not be waived or extended:
>
> "(a)   *Service of the notice of appeal on all parties identified in the notice of appeal as adverse parties* or, if the notice of appeal does not identify adverse parties, on all parties who have appeared in the action, suit or proceeding, as provided in ORS 19.023(2)(a), within the time limits prescribed by ORS 19.026." (Emphasis supplied.)

Jensen's ORCP 67B judgment specifically excludes her claim against Hainline & Pope, P.C. The record does not show that Hainline was ever served or that it ever appeared in trial proceedings.[2] Nonetheless, Jensen named it as an adverse party on appeal but did not serve it with a copy of the notice of appeal.

Before 1985, ORS 19.033(2) provided that a notice of appeal must be served on all parties who have appeared in the action. The statute was amended in 1985 to provide for service only on named adverse parties in order to end the practice of dismissing timely appeals because of a failure to serve parties

---

[1] ORCP 67B judgments were entered on Orton's second amended complaint, Riddle's amended complaint and Jensen's complaint.

[2] An attorney apparently representing Hainline was served with copies of some of the pleadings.

who had been dismissed earlier in an action and who had no active interest in the litigation. *Rhodes v. Eckelman,* 302 Or 245, 249, 728 P2d 527 (1986); *Maduff Mortgage Corp. v. Deloitte Haskins & Sells,* 83 Or App 15, 22, 730 P2d 558 (1986), *rev den* 303 Or 74 (1987).

■ It would be contrary to the legislative purpose to dismiss Jensen's entire appeal because of her failure to serve Hainline when Hainline has never appeared in the action, is specifically excluded from the judgment and has no interest in the appeal. We do not believe that the statutes command such a result. ORS 19.033(2)(a) requires service on all parties *who appeared* in the action, if adverse parties are not named, and refers to ORS 19.023, ORS 19.026 and ORS 19.029 for the requirements that are jurisdictional. None of those statutes requires service of the notice of appeal on a party who has not appeared in the action. It would be anomalous for the statute to require dismissal of Jensen's entire appeal because Hainline was inadvertently named as an adverse party. We decline to do so. However, because the appeal against Hainline has not been perfected, we dismiss the appeal as to it. We decline to dismiss Jensen's appeal against the other parties and turn to the merits.

Plaintiffs Riddle and Orton assign error to the trial court's striking of the claims for gambling losses that occurred more than three years before the complaints were filed. They argue that the statutory basis for their claims is ORS 30.780:

> "Any person violating ORS 167.117 to 167.162 [criminal gambling statutes] shall be liable in a civil suit for all damages occasioned thereby."

They argue that the applicable limitation is six years under ORS 12.080(2), which provides that an

> "action upon a liability created by statute, other than a penalty or forfeiture * * * shall be commenced within six years."

Plaintiffs are not correct. Even if a claim under ORS 30.780 is subject to the six-year limitation of ORS 12.080(2),

they did not bring their claims under that statute. Their complaints seek double damages under ORS 30.740,[3] which provides for a penalty or forfeiture, *see Mozorosky v. Hurlburt,* 106 Or 274, 198 P 556, 211 P 893 (1923); therefore, on its face, ORS 12.080(2) does not apply.

The trial court held that the applicable Statute of Limitations is ORS 12.100(2), which provides:

> "An action upon a statute for penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state, excepting those actions mentioned in ORS 12.110, shall be commenced within three years."

Although defendants did not assign error to the trial court's determination, at oral argument they postulated that the applicable provision is ORS 12.130:

> "An action upon a statute for a penalty given in whole or in part to the person who will prosecute for the same, shall be commenced within one year after the commission of the offense * * *."[4]

■ We conclude that the limitation is three years under ORS 12.100(2). The distinction between earlier versions of ORS 12.100(2) and ORS 12.130 was pointed out by the Supreme Court in *Howe v. Taylor,* 6 Or 284, 294 (1877):

> "[W]hen the action is given to the party aggrieved to recover a forfeiture under a statute or to the state, with such party three years is the limitation, and when it is given generally to an informer, one year is the limitation."

Riddle and Olson alleged that they sustained gambling losses. They are "aggrieved" parties who may seek to recover twice their losses within three years. *See Mozorosky v. Hurlburt, supra,* 106 Or at 290. The trial court properly struck the claims for losses sustained earlier than that time.

Plaintiffs assign error to the trial court's ruling that their complaints failed to state ultimate facts sufficient to

---

[3] ORS 30.740 provides:

"All persons losing money or anything of value at or on any unlawful game described in ORS 167.117, 167.122 and 167.127 shall have a cause of action to recover from the dealer winning the same, or proprietor for whose benefit such game was played or dealt, or such money or thing of value won, twice the amount of the money or double the value of the thing so lost."

[4] ORS 12.130 has been moribund since its earliest version in 1862. We have found no case in which it has been raised as a defense.

state a claim under ORICO. ORCP 21A(8). At the pretrial hearing, defendants moved to dismiss on that ground and argued, *inter alia,* that the pleadings fail to show a distinction between the "enterprise" and the "person,"[5] as required by ORS 166.720.[6] The trial court agreed.[7] The judgment of dismissal was entered on the general ground that plaintiffs had failed to state a claim and recited that they had pled their strongest case and did not seek leave to plead over.[8]

---

[5] The terms are defined in ORS 166.715:

"(2) 'Enterprise' includes any individual, sole proprietorship, partnership, corporation, business trust or other profit or nonprofit legal entity, and includes any union, association or group of individuals associated in fact although not a legal entity, and both illicit and licit enterprises and governmental and nongovernmental entities.

"* * * * *

"(5) 'Person' means any individual or entity capable of holding a legal or beneficial interest in real or personal property."

[6] ORS 166.720 provides, in part:

"(1) It is unlawful for any person who has knowingly received any proceeds derived, directly or indirectly, from a pattern of racketeering activity or through the collection of an unlawful debt to use or invest, whether directly or indirectly, any part of such proceeds, or the proceeds derived from the investment or use thereof, in the acquisition of any title to, or any right, interest or equity in, real property or in the establishment or operation of any enterprise.

"(2) It is unlawful for any person, through a pattern of racketeering activity or through the collection of an unlawful debt, to acquire or maintain, directly or indirectly, any interest in or control of any real property or enterprise.

"(3) It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt.

"(4) It is unlawful for any person to conspire or endeavor to violate any of the provisions of subsections (1), (2) or (3) of this section."

[7] The trial judge was persuaded by the reasoning in *Atkinson v. Anadarko Bank,* 808 F2d 438 (5th Cir 1987), in which the court held that a corporation could not associate with itself and that, therefore, the complaints did not meet the requirements of 18 USC § 1962(c), the federal equivalent to ORS 166.720(3).

[8] Orton's ORICO claim in his second amended complaint, typical of all the complaints, alleges:

"5.

"[The corporate status of the Lodge.]

"6.

"At all times material herein, there existed an enterprise consisting of Defendant BPOE #357 and its House Committee consisting of its Board of Trustees and chair officers which associated together in conducting the activities hereinafter alleged.

"7.

"Between September 30, 1972 and October 1, 1985, said enterprise operated

at 2727 Centennial Blvd., Eugene, Oregon, numerous gambling games and activities, to-wit, poker games and 4-5-6 dice games, wherein it benefited therefrom by receiving money from the players therein in exchange for the use of its premises, gambling equipment and services of its employees, collected unlawful debts arising from said unlawful gambling activities, and used coercion in attempting to collect said unlawful debts.

"8.

"The aforesaid acts of said enterprise were in violation of ORS 163.275, ORS 167.122 and ORS 167.147, and these acts and omissions were a part of a pattern of racketeering activity as defined in ORS 166.715(4), which included two or more incidents of the following acts:

"(a) Said enterprise profited from gambling by receiving by agreement or understanding a percentage of money wagered or gambled in poker and 4-5-6 dice games from the participants.

"(b) Said enterprise promoted gambling in that it knowingly engaged in activities that materially aided in the conduct and operation of poker and 4-5-6 dice games by:

"(1) Providing the premises and room in which such activities occurred.

"(2) Provided cards, dice, chips, card tables and dice tables for the use of the players.

"(3) Provided security personnel to police the operation of the games and to admit or deny entry into the gambling games.

"(4) Provided personnel who operated and supervised the 4-5-6 dice games and the operation thereof.

"(c) Said enterprise possessed cards, chips, dice, dice tables and card tables believing that the same was [sic] being used in promoting unlawful gambling activity to-wit, high stakes poker and 4-5-6 dice games.

"(d) Said enterprise collected unlawful debts by cashing checks knowing they were given to pay unlawful gambling losses.

"(e) Said enterprise in June, July, August and September of 1985 attempted to collect unlawful debts by attempting to cash checks knowing they were given to pay unlawful gambling losses.

"(f) Said enterprise in June, July, August and September of 1985 used coercion in attempting to collect unlawful debts in the nature of checks knowing they were given to pay unlawful gambling losses.

"9.

"One or more of the aforesaid acts occurred within five years after a prior incident and one or more of the aforesaid acts occurred after November 1, 1981.

"10.

"At all times material herein, Defendant BPOE #357 knowingly received proceeds and moneys from said enterprise derived from said racketeering activity and collection of unlawful debts in the operation of its facilities at 2727 Centennial Blvd., Eugene, Oregon in violation of ORS 166.720(1).

"11.

"At all times material herein, defendant BPOE #357 through the aforementioned pattern of racketeering activity and through the collection of unlawful debts maintained control of its real property and facilities at 2727 Centennial Blvd., Eugene, Oregon in violation of ORS 166.720(2).

Plaintiffs contend that they need not plead a distinction between the person and the enterprise.[9] Defendants argue that we can affirm the trial court on any basis sufficient to sustain the judgment, *see Rader v. Gibbons and Reed Company,* 261 Or 354, 365 n 3, 494 P2d 412 (1972), and need not reach the substantive issues of ORS 166.720, because plaintiffs have failed to meet general pleading requirements. Defendants contend that the pleadings must set forth factual allegations which, if proved, would establish plaintiffs' right to prevail, *see Davis v. Tyee Industries, Inc.,* 295 Or 467, 476, 668 P2d 1186 (1983), and that the pleadings do not do so.

■ ■ Plaintiffs must allege facts to show that they are entitled to bring the statutory cause of action. *See Demars v.*

---

"12.

"At all times material herein, Defendants Feuerbach, Coons, Brant, Hulsey, Tapp, Rubenstein, Pierce, Minturn, Dobson, Reiley, Hurd, Nyberg, Hirschey and Nance were associated with said enterprise to participate in said pattern of racketeering activity and collection of unlawful debts in violation of ORS 166.720 in that they, and each of them, supervised said unlawful gambling activities, made rules for conducting said unlawful gambling, set the percentage of rake of said games, supervised the banking and use of the proceeds thereof by Defendant BPOE #357, hired and discharged employees of said enterprise, who were operating said unlawful gambling games, participated in the collection of unlawful debts and engaged in coercion to collect unlawful debts on behalf of said enterprise.

"13.

"As a result of the aforesaid activity, Plaintiff [Orton] sustained damages in the sum of $145,852.00 and pursuant to ORS 166.725(7)(a) Plaintiff is entitled to recover three times these actual damages for a total recovery of $437,556.00.

"14.

"The aforementioned acts of the Defendants, and each of them, were done knowingly and with knowledge that they were unlawful. Each Defendant's actions was a violation of societal interests and punitive damages should be assessed against each Defendant in the sum of $500,000.00, for a total sum of $8,000,000.00.

"15.

"Pursuant to ORS 166.725(7)(a), Plaintiff is entitled to recover attorney's fees and costs of investigation and litigation."

[9] Orton's and Riddle's original complaints were filed against the Lodge. After the Lodge filed ORCP 21 motions, they volunteered to add additional defendants to "more clearly illustrate the enterprise." Plaintiffs then filed amended complaints adding the individuals as defendants and adding allegations in the statutory language of ORS 166.720. Defendants' motions to dismiss were argued almost entirely on the ground that a person-enterprise distinction is required under subsection (3). On appeal, plaintiffs appear to have abandoned any contention that their complaints meet the requirements of ORS 166.720(3). They argue that, under ORS 166.720(1) and (2), the person and the enterprise can be the same, but leave unclear why the individual defendants remain necessary parties.

*Erde,* 55 Or App 863, 640 P2d 635, *rev den* 293 Or 146 (1982). They must allege facts relating to each element of the cause; total omission of a material allegation renders the complaint fatally defective. *Fuhrer v. Gearhart By The Sea, Inc.,* 306 Or 434, 442, 760 P2d 874 (1988); *see also Baker v. State Bd. of Higher Ed.,* 20 Or App 277, 289, 531 P2d 716, *rev den* (1975). Facts not alleged are presumed not to exist. *See Pickett v. Washington County,* 31 Or App 1263, 1270, 572 P2d 1070 (1977).

At oral argument, plaintiffs contended that they had stated an ORICO claim by alleging the elements of ORS 167.720: An enterprise consisting of the Lodge, its Board of Trustees and chair officers operated numerous gambling activities, received money from the players, collected unlawful debts, used coercion to collect the debts and, "as a result of the activity," damaged plaintiffs. However, to show that they have an ORICO cause of action, plaintiffs must not only properly allege the elements of ORS 167.720; they must show that they come within the provisions of ORS 166.725(7)(a):

> "Any person who is injured by reason of any violation of the provisions of ORS 166.720(1) to (4) shall have a cause of action for three-fold the actual damages sustained and, when appropriate, punitive damages. Such person shall also recover attorney fees in the trial and appellate courts and costs of investigation and litigation, reasonably incurred."

■ A plaintiff may not bring a civil ORICO claim for generalized harm suffered by the world at large. The language of ORS 166.725(7)(a), that a person may claim three-fold the *actual* damages suffered, gives a cause of action to a particular person for particular damages. In turn, that damage must have resulted from the defendants' violation of ORS 166.720. Plaintiffs failed to allege the required elements of particular damage and the relationship between defendants' conduct and that damage.[10]

---

[10] The result of the trial court's striking of the gambling claims arising more than three years before the filing of the complaint was that Riddle's only claim was the ORICO violation. Orton's action still includes a gambling claim, as well as an ORICO claim. In *Dotson v. Smith,* 307 Or 132, 764 P2d 540 (1988), the Supreme Court considered whether allegations from one claim could be considered in deciding an ORCP 21A(9) motion to dismiss against an alternative claim. The court held that each claim stands alone and must be tested separately. It did not determine whether the same result holds true for other than ORCP 21A(9) motions, but did approve the

Plaintiffs allege that defendants conducted general ongoing racketeering activity and practiced unlawful debt collection. They then conclusorily state that, as a result of defendants' activities, they "sustained damages." There are no allegations showing that the damages are personal to them. Plaintiffs alleged that the "enterprise" cashed checks made to pay gambling loss, but they do not allege that the checks were made by them or that they were targets of the alleged unlawful debt collection. No facts are pleaded to show that the alleged gambling activities resulted in personal losses. Plaintiffs have alleged that defendant conducted a smorgasbord of gambling activities, but they make no allegations about when or whether they participated in the gambling. Plaintiffs' complaints do not allege facts required by ORS 166.725(7)(a) to show personal damage caused by defendants' illegal activity. Plaintiffs refused to plead further, and we will not add facts to their complaints. *Doyle v. Oregon Bank,* 94 Or App 230, 764 P2d 379 (1988). The complaints fail to state an ORICO claim.[11]

Defendant Nyberg has separately appealed from the denial of his motion to amend his answer to Riddle's and Orton's complaints to include a demand for attorney fees

reasoning in the dissent in this court:

"The language of ORCP 21A is unclear as to whether allegations may be pulled from one claim to defeat another claim; however, the following reasoning from the Court of Appeals dissent is sound:

" 'ORCP 21A permits certain defenses to be made by motion to dismiss. It begins by prescribing how a pleader is to assert a "defense, in law or fact, *to a claim for relief*." (Emphasis supplied.) That wording suggests that each "claim for relief" must be considered to be separate for the purpose of analysis under the rule. Further, the court may consider facts that "do not appear on the face of the pleading and matters outside the pleading" only on motions asserting defenses (1) through (7). Here, the motion asserts defense (9). Read as a whole, ORCP 21A(9) means that each "claim for relief" is, in effect, a separate "pleading" when considering a motion under ORCP 21A(9).' *Dotson v. Smith,* 91 Or App 400, 406, 755 P2d 728 (1988) (Van Hoomissen, J., dissenting.)" 307 Or at 137 n 6.

The same reasoning applies to an ORCP 21A(8) motion, which does not permit consideration of matters outside the pleadings. We conclude that, as in an ORCP 21A(9) motion, each claim stands alone and must be tested separately. Therefore, we do not consider any allegations of Orton's gambling complaint which were not realleged in the ORICO claim.

[11] The allegations against the individuals are even more attenuated than those against the Lodge and give no indication as to how the individuals' conduct resulted in damage.

under ORS 20.105.[12] The motion was made at the pretrial hearing and, in response, plaintiffs moved to dismiss Nyberg. The trial court granted plaintiffs' motion and denied Nyberg's.

■ Nyberg argues that the trial court abused its discretion in denying his motion, because there was no showing of prejudice to plaintiffs and the amendment was not beyond the scope of the issues framed by the original pleadings. *See Jackson v. Mult. Co.*, 76 Or App 540, 544, 709 P2d 1153 (1985). We agree. A determination of whether plaintiffs acted in bad faith, wantonly or solely for oppressive reasons would be based on the facts and the series of events that gave rise to plaintiffs' claims and would not introduce new issues. Nyberg's motion should have been considered on its merits.

During trial colloquy, plaintiffs' counsel admitted that, at the time of depositions, apparently months before trial, it was agreed that the claim against Nyberg would be dismissed. Nyberg's attorney was informed that it would be. Yet it was not until Nyberg's pretrial motion that plaintiffs moved to dismiss him from the action. Nyberg was thus forced to prepare for trial. Dismissal of the claims against him immediately before trial does not remove the grounds for his motion. The amendment should have been allowed.

Appeal dismissed as to defendant Hainline and Pope, P.C., in CA A46098; judgment reversed as to appellant Nyberg in CA A43857 and in CA A43858 and remanded; otherwise affirmed.

---

[12] ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party wilfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."